**Aziz AHMED; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73228.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Sabbir Ahmed, Esq., Law Offices, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Carl H. McIntyre, Jr., Susan K. Houser, Esq., Michele S. Grief, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Aziz Ahmed, his wife and two adult children, natives and citizens of Bangladesh, petition for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005), we deny the petition for review in part, grant in part, and remand.

Substantial evidence supports the IJ's finding that Ahmed failed to show past persecution or a well-founded fear of future persecution. The IJ's finding of no past persecution is supported because the threats, interrogations and mob attack on Ahmed's car do not rise, cumulatively or otherwise, to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995); *cf. Mashiri v. Ashcroft,* 383 F.3d 1112, 1115–16 (9th Cir.2004). Substantial evidence also supports the IJ's finding that Ahmed did not establish a well-founded fear of future persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). As the IJ noted, the U.S. State Department Report on Bangladesh indicates that the party Ahmed supported is now part of the ruling coalition. Moreover, Ahmed's own submissions do not show that members of his party are targeted for political violence.

Because Ahmed failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir.2000).

We lack jurisdiction to consider Ahmed's challenge to the denial of CAT relief because he failed to exhaust it below. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Ahmed's contention that his due process rights were violated by the BIA's summary affirmance of the IJ's CAT finding is

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**